ALBERT HOLDER V. THE STATE.

No. 9591. Delivered December 9, 1925.

**Transporting Intoxicating Liquor—Charge of Court—On Weight of Testimony—Held, Error.**

Where, on a trial for transporting intoxicating liquor, the defensive theory of appellant being that the bottle of whiskey found in his possession had been handed to him by some one, and that he had walked away a few yards to get rid of the whiskey, it was error for the court to instruct the jury in answer to their written request, that "to transport liquor means to carry, convey or move the same from one place to another without regard to distance moved." This charge, under the facts in the case, was clearly on the weight of the evidence, and the error necessitates the reversal of the case.

Appeal from the District Court of Blanco County. Tried below before the Hon. J. H. McLean, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*N. T. Stubbs* and *V. B. Goar,* of Johnson City, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for transporting intoxicating liquor, the punishment being one year in the penitentiary.

On the night of the alleged commission of the offense a dance was in progress in the little town of Hye. A deputy sheriff noticed appellant and another party in the road walking from the direction of the dance hall and only a short distance therefrom. The officer observed a bottle sticking out of the bosom of appellant's shirt. He was accosted and it was discovered he had two bottles of whiskey. The size of the bottles nowhere appears in the record. Appellant claimed to have come to Hye with two companions from Fredericksburg, the three riding upon the same seat in an automobile. Appellant denied having any whiskey at this time. His two companions on the trip testified if he had any they were not aware of it, and did not discover it, although he was in his shirt sleeves, and they were sitting close together in the car. Another witness said he knew appellant formerly drank; that he saw him on the outside of the dance hall and thought he might have some whiskey about his person, but an examination revealed he had none. This was shortly after appellant reached the place. Appellant did not dance and as an admission fee was charged it appears he never went in the house at all. Appellant accounts for his possession of the whiskey in the following manner: that he and a friend were talking a short distance from the dance hall; that as they started back towards it, his friend being in front, someone stepped up, touched him on the shoulder and inquired if he was going in the house, and upon being told he was not this party handed him two bottles and asked him to keep it for him. The friend who was with appellant at the time says he looked back to see if appellant was coming and saw someone hand something to appellant, but did not know what it was nor who it was. Appellant was near-sighted. He claims not to have recognized the party who handed him the bottles. Appellant says believing the bottles which had been handed him contained whiskey he did not know what to do with it; that he was afraid to stand there holding it for fear he would be arrested, and was afraid to throw it away because if he was seen in the act the same result would follow. He claims to have stepped to the door of the dance hall for the purpose of calling some friend to advise with about the situation and ask him what to do. He did call a friend and they had started down the road at the time he was arrested by the officer. The party.

whom appellant called says he was requested by appellant to walk down the road with him; that he did not know appellant's purpose nor where he was going. They were not more than forty steps from the dance hall at the time the arrest was made.

Under this state of the evidence appellant requested the court to give a charge defining what was meant by the "transportation" of intoxicating liquor, and submitted a special charge the substance of which has been approved. The learned trial judge declined to incorporate such instruction in his main charge or to give the charge requested. After the jury had been deliberating some twelve hours they came into open court and in writing requested the court to answer the following questions: "1. Please advise what is meant by transporting liquor? 2. How far would you have to carry liquor to be considered transporting it?" The court replied as follows: "You are instructed that to transport liquor means to carry, convey, or move the same from one place to another, without regard to the distance moved." Appellant filed many objections to this charge. He requested if the court thought it necessary to answer the jury's question that he give in reply the special charge which had been requested in the first instance. He particularly objected to that portion of the answer "without regard to the distance moved," upon the ground that under the facts of the present case it was upon the weight of the evidence, and when used in connection with the facts and other portions of the charge it was practically an instruction to convict appellant.

We believe this last criticism of the charge must be sustained. If the whiskey was thrust upon appellant in the manner testified to by him and he immediately called a friend for the purpose of consulting with him about the predicament in which he found himself, and they stepped down the road for that purpose, it is not believed this handling of the whiskey would be embraced in the denunciation of the law against transportation of it. This was appellant's contention. The jury should have had some instruction as to the law relative to these facts if they found them to be true. The inference might be drawn from the jury's question that they did not believe appellant brought the whiskey from Fredericksburg to Hye, but had received it after reaching there. The charge given in response to the question left the jury no option but to convict even though they may have accepted appellant's version of the matter. The facts are peculiar but the jury

must determine them, and not this court nor the trial judge.
For the reasons given the judgment must be reversed and
the cause remanded.

*Reversed and remanded.*